FILED

2003 DEC 10 A 9:19

UNITED STATES DISTRICT COURT

HARTFORD CT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTINE CHAUNCEY | : |
| VS. | : NO. 3:01CV1723 (AVC) |
| WATERBURY BOARD OF EDUCATION and MATTHEW BORRELLI | : DECEMBER 10, 2003 |

## PLAINTIFF'S TRIAL MEMORANDUM

**(1)   TRIAL COUNSEL**

John R. Williams
Norman A. Pattis
Timothy Mahoney
Christy Doyle
Elizabeth Brooks
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

**(2)   JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

(3)    **JURY-NONJURY**

This is a jury case.

(4)    **LENGTH OF TRIAL**

One week.

(5)    **FURTHER PROCEEDINGS**

The parties have requested another settlement conference.

(6)    **NATURE OF CASE**

The plaintiff alleges that she was demoted from her position as principal of an elementary school in Waterbury because of her exercise of her protected First Amendment right to complain publicly about Waterbury's failure to provide a minimally acceptable physical plant and learning environment for her students.

(7)    **TRIAL BY MAGISTRATE JUDGE**

The parties do not agree.

(8)    **LIST OF WITNESSES**

1. The plaintiff will testify concerning all aspects of her claim.  (2 hours)

2. Defendant Borrelli will testify concerning his actions respecting the plaintiff.  (45 minutes)

3. Frank Lombardo, Waterbury, CT, will testify concerning his selection

of the plaintiff for promotion to Acting Principal of Buckhill School and her subsequent complaints about conditions there. (1 hour)

4. Mary White, Waterbury, CT, will testify concerning the selection of the plaintiff to be Principal of Gilmartin Elementary School and her subsequent complaints about conditions there. (45 minutes)

5. Roger Damerow, Minneapolis, MN, will testify concerning the plaintiff's history, credentials, promotion, and job performance. (1 hour)

6. Howard Rosenstein, Waterbury, CT, will testify concerning the plaintiff's selection as Principal of Gilmartin Elementary School. (30 minutes)

7. Herb Grengas, Waterbury, CT, will testify concerning the plaintiff's complaints about conditions at Gilmartin School. (30 minutes)

8. Tom Ariola, Waterbury, CT, will testify concerning the plaintiff's complaints about conditions at Gilmartin School. (1 hour)

9. Pat Hayes, Waterbury, CT, will testify concerning the plaintiff's complaints about conditions at Gilmartin School. (30 minutes)

10. Nicholas Parillo, Waterbury, CT, will testify concerning the plaintiff's complaints about conditions at Gilmartin School and his response thereto. (1 hour)

11. Jeff Berger, Waterbury, CT, will testify concerning the plaintiff's complaints about conditions at Gilmartin School and his response thereto. (1 hour)

12. Larry DiPillo, Waterbury, CT, will testify concerning the plaintiff's complaints about conditions at Gilmartin School, his response thereto, and the response of the Republican administration, including but not limited to Mayor Giordano, to such complaints.  (1.5 hours)

13. Matt Larkin, Waterbury, CT, will testify concerning the plaintiff's employment history, her promotion, conditions at Gilmartin School and her complaints about same, the response thereto of the defendants and the political figures to whom the defendants reported, the provisions of the union contract applicable to these matters, the actions he took regarding these matters, and the plaintiff's injuries.  (2 hours)

14. Philip Giordano, custody of the United States Attorney General, will testify concerning the relationship between the Republican administration of the City of Waterbury during his time in office as Mayor and the defendants, and will testify further concerning his actions and reactions to the plaintiff's complaints and her manner of airing such complaints.  (1.5 hours)

15. Dr. Frank Cucolo, Wolcott, CT, will testify to chiropractic treatments provided to the plaintiff.  (30 minutes)

16. David Snead, Waterbury, CT, will testify as a rebuttal witness in respect to any defense witnesses who worked under the plaintiff at Gilmartin School, pointing out the vested interest of "a very entrenched veteran teaching staff."  (30 minutes)

17. Barbara Carrington, Waterbury, CT, will testify concerning the quality of the plaintiff's work, the unfair treatment to which the plaintiff was subjected, and the plaintiff's damages. (1 hour)

**(9)   EXHIBITS**

1. Chauncey to Damerow (8/2/99)

2. Damerow to Chauncey (1/31/00)

3. Agreement between S.A.W. and Board of Education (1999-2003)

4. Larkin to Chauncey (6/28/00)

5. Swain Memorandum dated 6/29/99

6. Swain to Chauncey (8/26/99)

7. Damerow to Chauncey (8/31/99)

8. Borrelli to Administrators (6/29/00) with attached evaluation of plaintiff

9. Gilmartin School Principal Initiatives (1999-2000)

10. Peggy Richard to Gilmartin PTA

11. Waterbury *Republican American* article: "Parents Worry Over Schools' Upkeep"

12. Waterbury *Republican-American* article: "'Terrible' Restrooms Are Being Torn Out"

13. Waterbury School Administrators Salary Schedule (2003-2004)

14. Chauncey to Snead (2/28/02)

15. Chauncey to Snead (6/20/02)

**(10)(b)(i)    PROPOSED VOIR DIRE QUESTIONS**

1. This is a lawsuit for employment discrimination on the basis of the exercise of the right to freedom of speech brought by a professional educator against the Waterbury Board of Education. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3. Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against those they believe to be responsible? If so, please explain.

4. Have you or has anyone close to you ever been the victim of employment discrimination?

5. Have you or anyone close to you ever lost a job for reasons you considered to be unfair?

6. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7. Do you know or have you read anything or heard anything about this case, the plaintiff or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections? If so, please provide details.

10. Has anyone here or any close to you ever been employed by an attorney?

11. Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

12. Does anyone here believe that allegations of employment discrimination should be treated less seriously than other kinds of illegal activity?

13. Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

14. Where are you employed?

15. If you are married, where is your spouse employed?

**(10)(b)(ii)   PROPOSED JURY INSTRUCTIONS**

1. The plaintiff has brought this lawsuit to obtain redress for what she contends were violations of her rights under the United States Constitution, specifically her right to be free from retaliation in her employment as an employee of the Board of Education for having exercised her right to freedom of

speech. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of her constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, the Waterbury Board of Education and, in the case of the defendant Borrelli, an official of the Education Department of the City of Waterbury. In this case, it is not disputed that the defendants were acting under color of law, so you need not concern yourselves with that issue. [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2. It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if a defendant intended the actions which resulted in the violation of the plaintiff's rights or if a defendant acted in reckless disregard of the plaintiff's rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated. [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v.

Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3. (a) The plaintiff alleges that while she was an elementary school principal in the City of Waterbury, the defendants retaliated against her for exercising her right to freedom of speech under the First Amendment to the Constitution of the United States. To prevail on a claim such as this, the plaintiff must first establish what is called a prima facie case. To establish a prima facie case of retaliation the plaintiff must show by a preponderance of the evidence (1) that she was engaged in protected speech under the First Amendment, (2) that the defendants were aware of the plaintiff's protected speech, (3) that the defendants took retaliatory action against the plaintiff based on her protected speech and (4) a causal connection between the plaintiff's protected speech and the retaliatory action.

    3. (b) To establish the first element of her prima facie case the plaintiff must establish that her acts of speech were protected by the Free Speech Clause of the First Amendment. This question is a question of law, and is not a question for you to consider. I instruct you that the plaintiff's speech in this instance is protected speech.

3. (c)  To satisfy the second element of her prima facie case the plaintiff must demonstrate that the defendants who took any of the retaliatory actions were aware of the plaintiff's exercise of protected speech.

3. (d)  The third element of the plaintiff's prima facie case of retaliation is that the defendants took action against her in retaliation for her protected speech. That is, the plaintiff must demonstrate that the defendants' conduct affected the terms, privileges, duration or conditions of her employment.

3. (e)  As to the fourth element, causation, the plaintiff must establish that her exercise of protected speech was a substantial or motivating factor in the defendants' action. That is, that the plaintiff's protected speech played a substantial or motivating part in the defendants' retaliatory action. The plaintiff may establish causation in several ways. One way is to show temporal proximity between the protected speech and the retaliatory action. Another way is to show direct evidence of retaliatory animus. The defendant may have taken the alleged action for one sole reason. If that one sole reason was the plaintiff's exercise of her right to freedom of speech, then you must find that the plaintiff's protected speech was a substantial or motivating factor in the defendants' actions. The defendant may have taken action for many different reasons. If so, then you must determine whether one of those reasons was the plaintiff's exercise of her right to freedom of speech. If it was one of those reasons, then you must

the plaintiff, the defendants must further show that they would have acted on those reasons. Otherwise, the defendants have not presented an adequate defense. If you find that the defendants have demonstrated a legitimate, nondiscriminatory reason or reasons for their action, then you must consider whether the plaintiff has proven that the defendants' articulated reason or reasons were a mere pretext.

  3. (g) The plaintiff must prove, through either direct or indirect evidence, that the defendants' articulated reason was not the true reason for their actions but is only a pretext or excuse for taking the alleged retaliatory action against the plaintiff and that the defendants' action was prompted by the plaintiff's protected speech. The plaintiff can prove that the defendants' stated reason for their action is a pretext by persuading you that their reason or reasons are just not believable. However, it is not enough for the plaintiff simply to prove that the defendants' stated reason for their actions was not the true reason. Even if you decide that the defendants did not truly rely on the stated reason or reasons for their actions, you cannot decide in the plaintiff's favor without evidence that the defendants relied instead on the plaintiff's protected speech. In other words, the defendants may not be held liable if you find that they would have taken the same actions based on a legitimate reason alone. [**AUTHORITY**: Nevas, J., in

<u>Salma Ikram v. Waterbury Board of Education, et al.</u>, No. 3:95C02478(AHN), February 18, 1997.]

4. If you find that a defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are: The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future.

Whenever you find that a constitutional right of the plaintiff has been violated by a defendant, the plaintiff is entitled to at least nominal damages for

that loss. Nominal damages, however, are ordinarily fixed in the amount of $10.00. To support an award of damages in an amount greater than that, you must find that actual loss was proximately caused by the constitutional violation. Actual loss, however, is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    5. You may also decide whether the plaintiff is entitled to the award of any punitive damages from the defendant Borrelli. In a case like this one, you may consider whether acts or omissions of the defendant Borrelli, if you find

them to have been proved, were so serious that he should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant Borrelli engaged in any one of the following things:

    1) Willful or malicious violation of the constitutional rights of the plaintiff;

    2) Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

    6. The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider

all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

THE PLAINTIFF

BY _____
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
TELEPHONE: 203.562.9931
FAX: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Her Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Gary S. Starr, Esq., Shipman & Goodwin LLP, One American Row, Hartford, CT 06103-2819.

_____
JOHN R. WILLIAMS

16